| | UNITED STATES DISTRICT COURT | Priority |
|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send |
| | | Enter |
| | | Closed |
| | CIVIL MINUTES - GENERAL | JS-5/JS-6 |
| | | Scan Only |

**CASE NO.:** CV 13-01240 SJO (JCx)        **DATE:** March 11, 2013

**TITLE:** Vicki Myers v. Rite Aid Corporation et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

Plaintiff Vicki Myers ("Plaintiff") filed her Complaint in Los Angeles County Superior Court on January 15, 2013. On February 21, 2013, Defendant Rite Aid Corporation, ("Defendant") removed the action to this Court. (*See* Notice of Removal ("Notice"), ECF No. 1.) For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges the following facts. Plaintiff was employed as an Assistant Manager by Defendant beginning in July 2007. (Notice Ex. A ("Complaint") ¶ 5, ECF No. 1.) On August 22, 2008, Plaintiff severely injured her back in a work-related accident. (Compl. ¶ 6.) Plaintiff was medically released to work with restrictions following the accident, but alleges that she was not accommodated. (Compl. ¶ 7.) In September 2008, Plaintiff was placed on medical disability and removed from work. (Compl. ¶ 7.) Plaintiff has since undergone two surgical procedures, the first on November 22, 2011, and the second on February 8, 2012. (Compl. ¶ 9.) Plaintiff was examined by an Agreed Medical Examiner ("AME") on September 11, 2012, in connection with a workers' compensation claim. (Compl. ¶ 10.) The AME's report indicates that Plaintiff was restricted from lifting more than twenty pounds. (Compl. ¶ 10.) On August 21, 2012, Plaintiff's physician filled out a form provided by Defendant, which states that Plaintiff was capable of returning to work immediately with an appropriate accommodation. (Compl. ¶¶ 11-12.)

On October 25, 2012, Plaintiff met with Cris Sierra ("Sierra"), one of Defendant's Human Resources representatives, to discuss Plaintiff's anticipated return to work. (Compl. ¶13.) During this meeting, Sierra informed Plaintiff that she would be unable to return to her Assistant Manager position. (Compl. ¶ 13.) Sierra and Plaintiff then discussed other available positions that would accommodate Plaintiff's disability. (Compl. ¶ 13.) Sierra stated that she would contact Plaintiff regarding the possibility of transferring to another position. (Compl. ¶ 14.) Plaintiff asserts that she received no further communication from Defendant until December 4, 2012, when she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 13-01240 SJO (JCx)  **DATE:** March 11, 2013

received a termination letter. (Compl. ¶ 15.) The stated reason for termination was that Plaintiff had not responded to Defendant's attempts to ascertain whether Plaintiff was able to return to work. (Compl. ¶ 15.)

The Complaint alleges four causes of action: (1) disability discrimination in violation of California Government Code section 12940 *et seq.*; (2) failure to provide reasonable accommodation in violation of California Government Code section 12940(m); (3) failure to engage in the interactive process in violation of California Government Code section 12940(n); and (4) retaliation in violation of the California Family Civil Rights Act, California Government Code section 12945.2(*l*)(1).

II.  DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a). The Ninth Circuit held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

  A.  *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

  B.  Diversity of Citizenship

Plaintiff and Defendant are diverse parties. A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2011). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The Supreme Court held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). Plaintiff is a resident of California. (Notice 3; Decl. of Ron Chima in Supp. of Notice ("Chima Decl.") ¶ 4, ECF No. 3.) Defendant asserts that it is a company incorporated under the laws of Delaware, with its principal place of business in Pennsylvania. (Notice 3; Chima Decl. ¶ 3.) Plaintiff has not challenged the diversity

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 13-01240 SJO (JCx)        **DATE:** March 11, 2013

of the parties. Because Plaintiff and Defendant do not share citizenship with each other, complete diversity exists.

      C.      <u>Amount in Controversy</u>

For a removal based on diversity jurisdiction, the removing party has the burden of showing that the amount in controversy at the time of removal "exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). The burden of proof depends on whether the complaint states a specific amount of damages. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 377 (9th Cir. 1997)).

A preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too many variables." *Dupre v. Gen. Motors*, No. CV-10-00955-RGK, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in controversy, Defendant's calculations must be "good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC, 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set[] forth . . . the **underlying facts** supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). Conservative estimates require a factual basis; otherwise they are "vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927 GAF, 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Here, Plaintiff's Complaint does not state a specific amount of damages. (*See generally* Compl. Prayer for Relief.) Instead, Plaintiff seeks an unspecified amount of medical expenses and actual damages, general, exemplary, and punitive damages, as well as costs and attorney's fees. (Compl. Prayer for Relief.) Defendant therefore carries the burden of proving by a preponderance of the evidence that an amount greater than $75,000 is in controversy.

Defendant has not met its burden of proof. Although Defendant presumably has access to information regarding Plaintiff's wages, Defendant does not provide any evidence regarding the amount of Plaintiff's lost wages to support its contention that the amount in controversy exceeds $75,000. (*See generally* Notice.) Defendant also contends that Plaintiff's request for punitive damages and attorneys' fees places at least $75,000 in controversy. (Notice 6.) In support of this assertion, Defendant cites to numerous employee lawsuits with jury verdicts exceeding $75,000. However, Defendant fails to provide any information as to why those cases provide an accurate valuation of Plaintiff's case. The cases cited may be facially similar, but they include pregnancy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 13-01240 SJO (JCx)          DATE: March 11, 2013

discrimination, age discrimination, and wrongful termination in breach of contract.  There do not appear to be any substantial factual similarities between the cases cited and Plaintiff's allegations, nor were similar legal theories used in litigation.  Similarly, when discussing attorneys' fees, Defendant states only that "fees may well be substantial."  (Notice 9.)  Because Defendant failed to provide sufficient facts, calculations, or estimates to satisfy by a preponderance of the evidence that the statutory amount in controversy requirement has been met, the Court finds that it lacks subject matter jurisdiction over this action.

III.   RULING

For the foregoing reasons, the Court **REMANDS** this case to Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.